UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIDGDILL & SON, INC. a Florida
corporation,

               Plaintiff,

vs.                                 Case No. 2:08-cv-603-FtM-99DNF

PALM DEVELOPMENTS, INC. a Nevada
corporation; W DEVELOPMENT, INC. a
Nevada corporation; TEAN WOLF;
JOHNSON-PREWITT & ASSOCIATES, INC. a
Florida corporation,

               Defendants.
_____

## OPINION AND ORDER

     This matter comes before the Court on review of the file. Motions to Remand (Docs. #23, #25) have been filed by plaintiff and defendant Johnson-Prewitt & Associates, Incorporated. Defendants Palm Developments, Inc., W. Development, Inc. and Tean Wolf filed a Memorandum of Law in Opposition (Doc. #31) to both motions.

     On July 28, 2008, defendants Palm Developments, Inc., W. Development, Inc., and Tean Wolf filed a Notice of Removal (Doc. #1) from the Circuit Court, in and for Hendry County, Florida on the basis of diversity jurisdiction. The Notice of Removal provides that plaintiff is a citizen of Florida, defendant Palm Developments, Inc. (Palm Developments) is a citizen of Nevada and California, defendant W. Development, Inc. (W Development) is a citizen of Nevada, and defendant Tean Wolf (Wolf) is a citizen of California. The amount in controversy is also purported to be in

excess of $75,000.00. Defendant Johnson-Prewitt & Associates, Inc. (Johnson-Prewitt) is a Florida corporation but it is argued that Johnson-Prewitt is a nominal defendant or fraudulently joined.

**I.**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. Id. Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of

-2-

> action against that defendant. [ ]  If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. [ ]  The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

Tillman v. R. J. Reynolds Tobacco Co., 253 F.3d 1302, 1305 (11th Cir. 2001)(internal citations and quotations omitted).  After the Alabama Supreme Court answered a certified question, the Eleventh Circuit re-iterated that "[i]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Tillman v. R. J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).  Defendant must show by clear and convincing evidence that there is no possibility that plaintiff can establish a cause of action against the non-diverse defendant. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).  Thus, if the state law is unclear, the case must be remanded to state court.  Florence v. Crescent Res., LLC, 484 F.3d 1293, 1298-99 (11th Cir. 2007).

**II.**

The Amended Complaint for Foreclosure of Mortgage, Damages on Note, and For Other Relief (Doc. #2) alleges that, on February 28, 2007, defendant Palm Developments executed and delivered to

plaintiff a Promissory Note in the principal amount of $247,775.42. The Note was secured by a Mortgage executed and delivered by defendants Palm Developments, W. Development, and Wolf. The Mortgage was recorded in the official public records of Hendry County, Florida. Pursuant to the Release Clause of the Mortgage, plaintiff released Lots 40 and 76 in Sky Valley from the lien of the Mortgage.

In Count I, plaintiff seeks to foreclose the mortgage on real property located in Hendry County, Florida, described as other lots in Sky Valley. The Note and Mortgage for the various lots are owned by defendant Palm Developments (lots 13, 26, 32, 34), W. Development (lots 52, 69), and Wolf (lots 20 and 21). Defendant Palm Developments is in default of the Note for failing to pay the principal balance, and all three are in default on the Mortgage. Plaintiff has elected to accelerate the balance owed, plus interest, fees and costs. Plaintiff alleges that defendant Johnson-Prewitt may claim an interest in lot 69, 52, 34, 32, 26, 13, 20, and 21 by virtue of a subordinate claim of lien. In Count II, plaintiff seeks to collect on the Note from Palm Developments.

### III.

Plaintiff argues that the removal was untimely and that there was no fraudulent joinder. Plaintiff argues that Johnson-Prewitt is a proper party and an active litigant seeking to enforce its own construction lien rights. Defendant Johnson-Prewitt also filed a motion presenting the same arguments and reiterating that it is a

proper party and must be joined.  The other defendants filed a consolidated response essentially arguing that the joinder of Johnson-Prewitt is permissive, plaintiff is manipulating the state court process and acted in bad faith, and that Johnson-Prewitt has no joint liability on the Note or Mortgage.

The Court has carefully considered all the arguments and finds that defendant has not met the burden of establishing that no possible cause of action could exist to include Johnson-Prewitt as a lien holder on the lots enumerated in the Amended Complaint.  As a result, the Court will not address the other issues or timeliness of the removal as moot.  Since there was no fraudulent joinder and defendant is a citizen of Florida, the case will be remanded.

In the exercise of its discretion, the Court declines to impose attorney's fees and costs in favor of plaintiff or Johnson-Prewitt based on the facts in this particular case.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiff's Motion to Remand (Doc. #23) is **GRANTED.**

2.  Defendant Johnson-Prewitt & Associates, Inc.'s Motion to Remand (Doc. #25) is **DENIED** as moot.

3.  Defendants' Motion to Consolidate (Doc. #7) is **DENIED** as moot in light of the remand.

4.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Hendry County,

Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of October, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record